FOSTER, ordinary, *v.* WHEELER *et al.*

ATKINSON, J. A petition which on its face appeared to be one seeking for equitable relief was filed. It was alleged that an election was had in a school district to determine whether local taxation for school purposes should be continued or abolished. It attacked the mode in which the managers attempted to make return to the ordinary, and alleged that the ordinary recounted the votes and declared a different result from that indicated by the tally-sheet and return by the managers. This declaration was attacked as void, and it was declared that upon a proper showing the election could be proved to be illegal. It was alleged that the ordinary should be required to open the cause and hear the matter "upon legal showing and principles." It was prayed, that "this court from the side of equity require said ordinary to reopen the cause and to hear all parties, that said court grant such other and further relief as may be shown upon the hearing hereof, that full and complete relief be herein granted, . . that the court grant all such orders and decrees as seems to said court equitable and just." By amendment the following prayer was added: "That the court require, by its proper order, the said ordinary to declare results or returns as sent in; and if no return sent in as law require, then declare no results or no election." A rule nisi was issued returnable at a fixed date. The ordinary filed a demurrer, and also an answer, in the latter of which he admitted a number of the allegations of the petition, but denied others. On the hearing, in addition to the pleadings, an affidavit of two of the managers of the election was introduced, and also an unsigned copy of a tally-sheet attached to such affidavit; and it was stated in the bill of exceptions that the ordinary admitted on the trial that he counted the tickets and declared a result different from the "pencil return sent in." The presiding judge rendered the following judgment: "After hearing evidence and argument of counsel, it is ordered that the defendant, E. Foster, be and is hereby required to declare the result of said election on the basis of the returns as made to him by the managers of said election, if such return was made." The only assignment of error made was in the following terms: "To the said judgment of the court the defendant excepted and now

assigns the same as error." *Held*, that, under the uncertain state of the record, it is impracticable for this court to ascertain whether complaint is sought to be made because the proceeding was not properly one for mandamus, or because there were issues of fact and at a hearing under the rule nisi they could not be determined or a trial upon the facts had, or whether the complaint is that the judge erred in his judgment upon the facts, or that he erred in his judgment upon the undisputed facts, or that he erred in passing a judgment of the conditional character indicated above. This court can not, therefore, determine with any degree of certainty from the bill of exceptions and record just what error is sought to be assigned, or whether there would be merit in the ground of attack if stated with reasonable certainty. The writ of error must, therefore, be dismissed.

*Writ of error dismissed. All the Justices concur.*

OCTOBER 15, 1912.   REHEARING DENIED NOVEMBER 20, 1912.

. Mandamus. Before Judge Maddox. Walker superior court. March 9, 1912.

*D. F. Pope* and *R. M. W. Glenn,* for plaintiff in error.
*James E. Rosser,* contra.